(105 So. 415)

No. 26494.

## CONSUMERS' FERTILIZER CO. v. CITY OF SHREVEPORT.

(April 21, 1924. On the Merits, June 22, 1925. Rehearing Denied July 13, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error** ⚖➡154(1) — Defendant's appeal not dismissed because of warrantor's acquiescence in judgment.

In suit by lessee against sublessee for rent, with owner called in warranty, defendant's appeal would not be dismissed because warrantor acquiesced in judgment by asking lessee to remove buildings, though defendant had judgment over against warrantor.

On the Merits.

2. **Partition** ⚖➡117—Lessee held not entitled to collect rent from sublessee after partition sale, when sublessee became tenant of purchaser.

Where lessee, under lease permitting removal of buildings, remained in possession, with permission of deceased lessor's attorney, after expiration of lease, until partition sale to one who leased property to former sublessee, lessee's rights terminated, and it could not leave building on premises and collect rent therefor.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Suit by the Consumers' Fertilizer Company against the City of Shreveport, with J. E. Peyton called in warranty. Judgment for plaintiff against defendant, judgment for defendant against warrantor, and defendant appeals. Reversed and rendered.

B. F. Roberts, of Shreveport, for appellant.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

BRUNOT, J. This is a suit against the city of Shreveport for $2,790, with legal interest thereon from judicial demand.

The plaintiff leased 1.03 acres of land, in the city of Shreveport, from A. J. Newman, for a term of 10 years beginning October 20, 1907. The leased property belonged to the community existing between A. J. Newman and his deceased wife, Mrs. Elizabeth B. Newman and the lease was made subject to the ratification of her heirs. It was stipulated in the lease that all buildings and machinery placed upon the leased property by the lessee should remain its property, with the right to remove the same from the leased premises at the termination of the lease. There was no formal ratification of this lease by any of the heirs of Mrs. Newman, deceased. Before the expiration of the lease it was renewed upon the same terms and conditions for five years, from October 20, 1917, to October 20, 1922, and all of Mrs. Newman's heirs formally ratified the renewal thereof.

The lessee erected certain buildings upon the leased premises and sublet these buildings to various tenants, one of whom was the defendant, city of Shreveport. Mr. A. J. Newman died before the expiration of the term of the renewal of the lease, and after the termination thereof plaintiff continued to occupy the land under an agreement with the attorneys of the heirs until January 6, 1923, at which time it was sold to effect a partition of the estate. At the partition sale Mr. J. E. Peyton purchased the land and notified the tenants thereof that all rent thereafter must be paid to him. During the month of August of the same year plaintiff filed this suit for rent of the premises due by defendant for eight months from January 1, 1923, to September 1, 1923, at $192.50 per month, the total amount of rent due being $1,565, and also sued for $1,225, the sum necessary to pay the cost of rebuilding certain portions of one of the buildings which had been destroyed by defendant, city of Shreveport, during its occupancy thereof.

[1] The defendant answered the suit and called J. E. Peyton in warranty. The warrantor filed his answer, the case was tried, and judgment was rendered in favor of the plaintiff and against the defendant, city of Shreveport, for $1,140, with 5 per cent. per annum

interest thereon from August 30, 1923, subject to a credit of $100, reserving to plaintiff the right to sue the defendant, city of Shreveport, for rent subsequently accruing, and dismissing all other demands of plaintiff. There was also a judgment in favor of the city of Shreveport and against J. E. Peyton, warrantor, for a like sum, interest, and all costs. From this judgment both the plaintiff and the city of Shreveport appealed. After the appeal was perfected J. E. Peyton wrote two letters to plaintiff. Both letters contain a demand upon plaintiff to remove the buildings from the said land. When the appeal was lodged in this court, plaintiff filed a motion to dismiss the appeal upon the ground of acquiescence in the judgment by J. E. Peyton, warrantor, the owner of the land and the alleged real defendant in the suit. It is true that the two letters referred to, and upon which the motion to dismiss is based, might be held to constitute acquiescence in the judgment on the part of J. E. Peyton, warrantor; but it does not appear that Peyton appealed from the judgment, and we do not think that his demand upon plaintiff to remove the buildings from his land can affect the right of the city of Shreveport to prosecute its appeal from a judgment rendered against it. It is not for us to say, at this time, that the rights of the city of Shreveport are fully protected by the judgment rendered in its favor and against the warrantor, or that the city of Shreveport thereby becomes a mere nominal defendant without interest.

For these reasons, the motion to dismiss the appeal is denied.

### On the Merits.

ROGERS, J. In October, 1907, plaintiff leased from A. J. Newman a certain triangular portion of ground in the city of Shreveport. The term of the lease was 10 years. Prior to its expiration it was renewed for 5 years by the lessor and the heirs of his deceased wife, Mrs. Elizabeth B. Newman.

The lessee erected a building on the leased land. It was provided in the lease that all buildings and machinery placed upon the leased ground by the lessee should remain its property, with the right to remove the same at the termination of the lease.

Plaintiff sublet the property to various tenants, among whom was the city of Shreveport.

A. J. Newman died before the expiration of the term of the renewal of the lease, which was October 20, 1922, but plaintiff continued to occupy the land under an agreement with the attorneys of the heirs until January 6, 1923, on which date it was sold to effect a partition of the estate. At this sale J. E. Peyton became the purchaser. Subsequently he leased the whole property to the city of Shreveport for $200 per month.

In August, 1923, plaintiff brought this suit against the city of Shreveport for the rental value of the building from January 1, 1923, to September 1, 1923, at the rate of $192.50 per month, and for $1,225 additional for damages alleged to have been done to the building by said defendant.

Judgment was rendered in the district court against the defendant for eight months' rent at the rate of $142.50 per month. Plaintiff's claim for damages was dismissed as in case of nonsuit. Defendant then appealed, and plaintiff moved to dismiss the appeal. The motion to dismiss was denied by Division A of this court on April 21, 1924. Thereafter plaintiff answered the appeal, praying that the judgment be amended, so as to award it the full amount claimed in its petition. The case is now before us on the merits.

[2] There were no contractual rights between plaintiff and defendant after the partition sale. Defendant then became the tenant of Peyton, the purchaser at said sale, for the whole property. Plaintiff's rights as lessee terminated when the property was acquired by Peyton. Thereafter it had neither a right of occupancy nor a beneficial interest in the

land. Its sole right, under the lease, was to remove the building. Plaintiff did not have the right to leave the building on the ground and collect rent therefor. It did not avail itself of its right of removal. The reason for this is obvious. The building is an unpainted frame shed, constructed out of rough lumber and covered with a roof of tar paper. It has been standing for some time, and much of the material of which it is composed has become decayed. It cannot be removed without being torn down. This would cost, approximately, $1,000, which is much more than could be realized from the salvage.

Mr. Green, the president of the plaintiff company, testified that he never applied to Mr. Peyton for permission to remove the shed, nor did he offer to sell it to him. Mr. Peyton, on the other hand, testified that he would not give $25 for it, that he would gladly give his permission for its removal, and that, if it was removed, he could obtain an increased rental for the vacant lot.

In these circumstances, we do not find that plaintiff is entitled to collect any rent from the defendant for its use of the property.

For the reasons assigned, the judgment appealed from is set aside, and it is now ordered that there be judgment in favor of defendant, the city of Shreveport, and against the plaintiff, the Consumers' Fertilizer Company, rejecting plaintiff's demands, and dismissing plaintiff's suit, at its cost.